IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY WATTIER,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, Inc.;<br><br>                    Defendant. | 4:12CV3108<br><br>PROTECTIVE ORDER |

IT IS ORDERED:

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

        "Attorneys" means counsel of record;

        "Confidential" documents are documents designated pursuant to paragraph 2;

        That Plaintiff and Defendant are referred to in this Stipulation and Order as "Parties," and individually, as a "Party," and that a person or entity that produces or reveals information subject to protection of this Stipulation and Protective Order is referred to as a "Producing Party," whether or not that person or entity is a Party to the Action;

        "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

        "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

        "Written Assurance" means an executed document in the form attached as Exhibit A.

    2.    A party may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). The parties agree, however, that Plaintiff's

Personnel File will not be marked Confidential. Non-personnel file documents that refer only to Plaintiff will also be marked Non-Confidential.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) The Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) Persons shown on the face of the document to have authored or received it;

    (d) Court reporters retained to transcribe testimony;

    (e) The parties;

    (f) Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to provide technical or expert services, or to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

    (g) Witnesses or potential witnesses may be shown documents marked Confidential for purposes of discovery or trial preparation only.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that

period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached hereto as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain trade secrets or confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

ND: 4820-3641-9089

8.	Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the inadvertently unmarked documents.

9.	If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Nebraska.  Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

10.	Inadvertent disclosure of material designated "Confidential" to another party without identifying the same as "Confidential" and/or of attorney-client privileged and/or work-product material shall not be deemed a waiver of confidentiality, privilege or work product with regard to the material inadvertently disclosed, and shall not be deemed a waiver of confidentiality, privilege and/or work product with regard to similar material.  Any such material inadvertently disclosed shall be returned to the disclosing party promptly upon receipt by the receiving party of notice of the inadvertent disclosure, and the receiving party shall keep no copies or reproductions, and shall make no use whatsoever of the material inadvertently disclosed.

ND: 4820-3641-9089

11. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Nothing in this Order requires the disclosure of information, documents or things protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents or things that it contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted – Privileged."

13. In the event that a Producing Party inadvertently or mistakenly produces information, documents or things that are protected from disclosure under the attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work product immunity or any other identified applicable privilege or immunity. A Producing Party may at any time notify

the receiving Party of the inadvertent production in writing and request that the inadvertently produced information, documents or things, be returned to the Producing Party.  Within three (3) business days of receiving such notice and request, the receiving Party shall return the inadvertently or mistakenly produced information, documents or things identified by the Producing Party.  The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, except that the receiving Party may retain one copy of such material for the purpose of submitting such material to the Court under seal.  The receiving Party may challenge the claim of privilege or immunity asserted by the Producing Party upon motion to the Court.

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

ND: 4820-3641-9089

16. Neither acting nor failing to object to another party's actions under this Order shall be construed as a waiver of any claim or defense in this Action.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. The obligations imposed by the Protective Order shall survive the termination of this action.

19. The Order entered on this Stipulation shall be effective retroactively to the date by which counsel first produced documents in this matter.

Dated this 29th day of October, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

Stipulated to:

NILAN JOHNSON LEWIS PA

Dated: October 26, 2012        By: *s/ Anna Hickman*
                                   Matthew E. Damon, Admitted Pro Hac Vice
                                   Anna R. Hickman , Admitted Pro Hac Vice
                                   120 South Sixth Street, Suite 400
                                   Minneapolis, MN 55402-4501
                                   Phone: (612) 305-7500
                                   Facsimile: (612) 305-7501
                                   mdamon@nilanjohnson.com
                                   ahickman@nilanjohnson.com

7

ND: 4820-3641-9089

        -AND-

    David R. Buntain, NE #10506
    Tara A. Stingley, NE #23243
    CLINE WILLIAMS WRIGHT JOHNSON
      & OLDFATHER, L.L.P.
    233 South 13th Street
    1900 U.S. Bank Building
    Lincoln, NE 68508
    Phone: (402) 474-6900
    Facsimile: (402) 474-5393
    dbuntain@clinewilliams.com
    tstingley@clinewilliams.com

Attorneys for Defendant
United Parcel Service of America, Inc.

  DeMARS, GORDON, OLSON, ZALEWSKI
   & WYNNER

Dated: October 24, 2012

    By: *s/ James C. Zalewski*
      James C. Zalewski, #16090
      Matthew R. Watson, #24735
      134 South 13th Street, Suite 800
      Lincoln, NE 68508
      Phone: (402) 438-2500

Attorneys for Plaintiff

ND: 4820-3641-9089

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of _____ .

My telephone number is _____.

I am currently employed by _____, located at

_____, and my current job

title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 4:12-cv-03108, pending in the United States District Court for the District of Nebraska.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my

possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

      I submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

      Executed on _____
               (Date)

_____
(Signature